REID, Judge.
This is an appeal from a judgment rejecting plaintiff’s demand for additional *93 compensation benefits under the Louisiana Workmen’s Compensation Law. Plaintiff sued the defendants, General Accident Fire and Life Insurance Corporation, Ltd., insurer of G. L. Creech, doing business as G. L. Creech Truck Line and the said G. L. Creech, alleging he was injured on or about October 3, 1959. Plaintiff sustained a rupture and hernia for which he was operated on November 2, 1959. The operation repaired the hernia, however plaintiff alleged as a consequence of the surgery or spinal anaesthesia he sustained serious and permanent injury, including paralysis of his left foot. As a result of these injuries plaintiff claims he is permanently disabled.
Following a trial of the merits judgment, was rendered in favor of the defendants, dismissing plaintiff’s suit. It is from this judgment this appeal was taken.
The issues in this case are factual. There is no question plaintiff was injured on October 3rd, 1959 and suffered a hernia for which he underwent an operation on November 2, 1959. He was discharged by his physicians to return to work on February 2, 1960. He received compensation benefits until February 2, 1960 and all medical expenses in connection with the operation were paid by the defendant insurer. In this suit plaintiff claims an additional disability because of a neuritic condition that developed in his left foot. The operation for hernia was on the left side.
Dr. Jere D. Mililli, and Dr. Howard Hansen testified for plaintiff. Dr. Melilli examined plaintiff initially after his injury and also performed the hernia operation. He testified Ameal Matthew had a normal and uneventful recovery from the operation and at no time did he complain to him or give him any exhibition of suffering with his left foot.
Dr. Hansen, to whom plaintiff was sent by his attorney, testified he had noticed a neuritis resulting in the dropping of the left foot, but considered it could have been caused by a number of conditions. He was under the impression Ameal Matthew’s condition was due to malnutrition, and noticed on each occasion he saw him the plaintiff had been drinking. He further testified the operation and the anaesthetic, as such, would not have any direct connection with the condition of the plaintiff when he examined him. This testimony was in accordance with that of Dr. Melilli who also testified there was no connection between the operation or the anaesthesia and the plaintiff’s condition.
It is a well settled principle of law the plaintiff in compensation cases has the burden of proof of establishing his case by a preponderance of the evidence. Davenport v. Kaiser Aluminum & Chemical Corp., La.App., 146 So.2d 840.
We concur in the findings of fact by the Trial Judge that the plaintiff has failed to carry the burden of proof, showing the injury was a result of the accident and the operation for hernia.
It is therefore, our decision that the judgment of the Lower Court should be affirmed.
Affirmed.